UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

M. SALEEM KHANANI,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 6:08-cv-1183-Orl-28KRS
(6:02-cr-171-Orl-28KRS)

## ORDER

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed through counsel on behalf of M. Saleem Khanani. The Government filed a response to the section 2255 motion (Doc. No. 6) in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. Petitioner filed a reply to the response (Doc. No. 7).

Petitioner alleges four claims for relief in his motion: (1) counsel rendered ineffective assistance by not allowing Petitioner to testify (claim one); (2) counsel rendered ineffective assistance by failing to put on a defense (claim two); (3) counsel rendered ineffective assistance by confessing to the offenses (claim three); and (4) counsel rendered ineffective assistance by failing to provide him with an interpreter (claim four). For the following reasons, the motion is denied.

## I. Procedural History

Petitioner, along with several other co-defendants, was charged by third superceding indictment with fifty-three counts of encouraging illegal aliens to reside in the United States for financial gain in violation of 8 U.S.C. § 1324 (counts one through fifty-three), one count of conspiracy to conceal and encourage illegal aliens to reside in the United States (count fifty-four), one count of conspiracy to commit money laundering (count fifty-five), one count of knowingly devising a scheme to defraud the State of Florida and the United States of money and property (count fifty-six), one count of mail fraud (count fifty-seven), one count of conspiracy to defraud the United States (count fifty-eight), and thirteen counts of tax evasion (counts fifty-nine through seventy-one). (Criminal Case No. 6:02-cr-171-Orl-28KRS, Doc. No. 552).[1] A trial was conducted, and Petitioner was found guilty of counts one, four through six, eight, nine, twelve through fourteen, sixteen through twenty-two, twenty-four through thirty-two, thirty-four through thirty-seven, thirty-nine through forty-three, forty-five through fifty-one, and fifty-three through seventy-one, and not guilty of counts two, three, seven, ten, eleven, fifteen, twenty-three, thirty-eight, forty-four, and fifty-two. *Id.* at Doc. No. 805. The Court subsequently granted Petitioner's Motion for Judgment of Acquittal as to count fifty-five. *Id.* at Doc. No. 61. Petitioner filed a motion for new trial, which the Court denied. *Id.* at Doc. Nos. 873, 903. A sentencing hearing was conducted, and Petitioner was sentenced to a seventy-month

---

[1] Hereinafter Criminal Case No. 6:02-cr-171-Orl-28KRS will be referred to as "Criminal Case."

term of imprisonment to be followed by two years of supervised release.[2] *Id.* at Doc. No. 1130. Petitioner appealed, and the Eleventh Circuit Court of Appeals affirmed Petitioner's convictions. *Id.* at Doc. No. 1232.

## II. Legal Standard

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[3] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

has nothing to do with what the best lawyers would have done. Nor is the

---

[2]The advisory sentencing range for Petitioner, as calculated by the Court, was 87 to 108 months. (Criminal Case Doc. No. 1130 at 38.)

[3]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. Analysis

#### A. Claim One

Petitioner asserts that counsel rendered ineffective assistance by not allowing him to testify at trial. Petitioner maintains that counsel told him that he had to waive his right to testify because defense counsel made the decision of whether Petitioner would testify. (Doc. No. 1 at 9.) Petitioner asserts that he believed he had to waive his right to testify as a result of counsel's advice and that counsel ignored his request to testify. *Id.* Petitioner maintains that he would have testified that he merely followed the advice of his co-defendant, David Portlock ("Portlock"), in dealing with his employees in contradiction to the testimony of Portlock that Petitioner was aware of everything. *Id.* at 14. To support this claim, Petitioner relies on defense counsel's statement during closing argument that the decision that Petitioner would not testify was made by counsel alone. (Doc. No. 1 at 8.)

4

"A criminal defendant has a fundamental constitutional right to testify on his own behalf at trial, a right that cannot be waived by defense counsel." *Franklin v. United States*, 227 Fed. Appx. 856, 859 (11th Cir. 2007) (citing *United States v. Teague*, 953 F.2d 1525, 1532 (11th Cir. 1992)). Claims that a defense counsel's conduct led to a violation of the defendant's right to testify are properly raised as claims of ineffective assistance of counsel. *Id.* (citing *Teague*, 953 F.2d at 1534). Thus, the Court must consider whether counsel's performance was deficient and/or whether Petitioner was prejudiced by counsel's alleged performance.

During the trial, the following colloquy occurred:

| | |
|---|---|
| The Court: | Mr. Khanani, you understand that it's your right to testify in this case, right? |
| Defendant Khanani: | Yes. |
| The Court: | And you understand it's your right not to testify, right? |
| Defendant Khanani: | Yes. |
| The Court: | I'm sure Mr. Schnapp has gone over that with you, is that right? |
| Defendant Khanani: | Yes. |
| The Court: | And it's your decision to waive your right to testify? |
| Defendant Khanani: | Yes. |
| The Court: | And you're going to exercise your right not to testify, is that correct? |

5

| | |
|---|---|
| Defendant Khanani: | Yes. |
| The Court: | And I will instruct the jury not to draw any inference of guilt from your decision. *I just want to make sure it's your decision and yours alone.* |
| Defendant Khanani: | Yes, sir. |

(Criminal Case Doc. No. 962 at 3571) (emphasis added).

Based on this colloquy, the Court concludes that Petitioner was advised that the decision of whether or not to testify was Petitioner's decision alone and Petitioner affirmed that he understood this. As such, Petitioner's contention that he believed that defense counsel had the right to determine whether he testified is belied by the record. To the extent Petitioner relies on defense counsel's statement in closing argument that he made the decision that Petitioner would not testify to support this claim, the Court finds that counsel's statement does not refute Petitioner's representations to the Court. Moreover, the Court notes that defense counsel's statement was made during the course of arguing that the Government had failed to meet its burden of proof, and as such, counsel determined that Petitioner should not testify.

Even assuming that Petitioner demonstrated that counsel rendered deficient performance in relation to his advice not to testify, Petitioner has failed to demonstrate that he was prejudiced by counsel's performance. The record establishes that the evidence presented at trial as to Petitioner's guilt included the testimony of numerous witnesses, including several co-defendants other than Portlock, and numerous exhibits. This evidence demonstrated *inter alia* that Petitioner was aware that he employed individuals who were

not allowed to work in the United States, that these individuals primarily were paid with cash, and that taxes were not paid for these individuals. In sum, the evidence of Petitioner's guilt was overwhelming, and Petitioner has not demonstrated a reasonable probability exists that the outcome of the trial would have been different had he testified. *See, e.g., Franklin*, 227 Fed. Appx. at 861 (concluding that the petitioner failed to demonstrate prejudice in relation to counsel's failure to advise the petitioner he had the right to testify in light of the overwhelming evidence presented at trial demonstrating the petitioner's guilt).

### B. *Claim Two*

Petitioner asserts that counsel rendered ineffective assistance by failing to put on a defense (claim two). In support of his claim, Petitioner contends that numerous character witnesses could have testified that Petitioner had an excellent reputation in the community.

As an initial matter, the Court notes that Petitioner's counsel provided Petitioner with a comprehensive and competent defense. Defense counsel throughly cross-examined the Government's and Portlock's witnesses, introduced numerous exhibits, objected to witnesses' testimony, and made various legal arguments. In fact, Petitioner was found not guilty of ten counts and subsequently acquitted by the Court of an additional count. Thus, Petitioner's contention that counsel failed to present a defense is clearly refuted by the record.

Moreover, "[t]he decision whether to call a particular witness is almost always strategic, requiring a balancing of the benefits and risks of the anticipated testimony. The

witness may not testify as anticipated, or the witness's demeanor or character may impress the jury unfavorably and taint the jury's perception of the accused; or the testimony, though sympathetic, may prompt jurors to draw inferences unfavorable to the accused." *Lema v. United States*, 987 F.2d 48, 54 (1st Cir. 1993) (citations omitted). Petitioner has failed to advance a persuasive argument that trial counsel's decision not to call witnesses was unreasonable or that this decision can be construed as conduct outside the wide range of professional representation. "Reasonably competent trial counsel might well have determined that the best prospect for acquittal lay in discrediting the government's witnesses, rather than presenting additional testimony which could appear to legitimate the government's case or raise questions about the defense not previously suggested by the government's evidence." *Id.*

Furthermore, the Court notes that Petitioner has failed to identify a single witness who counsel should have called or to specify what testimony such witnesses could have provided other than testimony about Petitioner's character. "'[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim.'" *Daniels v. McDonough*, 2006 WL 2620143, at *10 (M.D. Fla. 2006) (quoting *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted)). As such, "to successfully assert that trial counsel should have called a witness, a petitioner must first make a sufficient factual showing substantiating the proposed witness testimony." *Daniels*,

2006 WL 2620143, at *10 (citing *United States v. Schaflander*, 743 F.2d 714, 721 (9th Cir. 1984)). Evidence sufficient to meet this showing includes sworn affidavits from the potential witnesses stating what testimony they would have provided. *Daniels*, 2006 WL 2620143, at *10. "In the absence of the necessary factual showing, Petitioner's mere conclusory allegations are insufficient to warrant finding that trial counsel was ineffective for failing to call these witnesses to testify." *Id.* (citation omitted). Moreover, for purposes of the *Strickland* analysis, "'the absence of exculpatory witness testimony from a defense is more likely prejudicial when a conviction is based on little record evidence of guilt.'" *Brower v. Secretary for Dept. of Corr.*, 137 Fed. Appx. 260, 266, (11th Cir. 2005) (quoting *Fortenberry v. Haley*, 297 F.3d 1213, 1228 (11th Cir. 2002)).

As noted previously, the evidence of Petitioner's guilt was substantial. In view of the tactical risks and Petitioner's failure to demonstrate that the witnesses' testimony would have benefitted his case, counsel's failure to present witnesses did not amount to ineffective assistance of counsel.

C.   *Claim Three*

Petitioner asserts that counsel rendered ineffective assistance by confessing to the offenses (claim three). In support of this claim, Petitioner relies on a letter sent to the prosecutor prior to trial. Petitioner maintains that counsel told him that he could not testify because of the admissions contained in the letter.[4]

---

[4]To the extent claim three is part of Petitioner's claim that counsel was ineffective in relation to his advice not to testify, this claim is without merit as discussed *supra*.

The letter at issue was written to the prosecutor during the course of plea negotiations. A review of the letter reveals that defense counsel did not confess Petitioner's guilt. Instead, the letter described Petitioner's reputation in the community, described the nature of the charges and the factual allegations against Petitioner, attempted to distinguish the relevant case law from the factual allegations in Petitioner's case, argued that Petitioner did not engage in deceptive activities, argued implicitly that the charges against Petitioner were motivated by his national origin, and proposed a resolution or potential plea for the case. Furthermore, even assuming that the letter could be deemed a confession by counsel, Petitioner has not demonstrated that the letter would have been admissible at trial or that it could have been used against him had he testified. Accordingly, the Court concludes that Petitioner has failed to demonstrate either deficient performance or prejudice, and this claim is denied.

### D. *Claim Four*

Petitioner asserts that counsel rendered ineffective assistance by failing to provide him with an interpreter (claim four). In support of this claim, Petitioner argues that his native/primary language is Urdu and although he speaks and reads English, he lacks the ability to comprehend complex legal proceedings, pleadings, and correspondence in English. Petitioner filed the affidavit of one of his post-conviction attorney's to support his claim that the Court and counsel should have provided him with an interpreter.

"A criminal defendant who relies principally upon a language other than English has a statutory right to a court-appointed interpreter when his comprehension of the

proceedings or ability to communicate with counsel is impaired." *United States v. Lim*, 794 F.2d 469, 470 (9th Cir. 1986) (citing 28 U.S.C. § 1827(d)(1)). "'[A] defendant is only statutorily entitled to the appointment of an interpreter if the district court determines that the defendant [or a witness]: (1) speaks only or primarily a language other than the English language; and (2) this fact inhibits their comprehension of the proceedings or communication with counsel' or the presiding judicial officer." *United States v. Edouard*, 485 F.3d 1324, 1337 (11th Cir. 2007) (quoting *United States v. Johnson*, 248 F.3d 655, 661 (7th Cir. 2001)). "'Any indication to the presiding judicial officer that a criminal defendant speaks only or primarily a language other than the English language should trigger the application of Sections (d) and (f)(1) [defendant's waiver of the right to an interpreter] of the Court Interpreters Act.'" *Id.* (quoting *United States v. Tapia*, 631 F.2d 1207, 1209 (5th Cir. 1980)). Thus, "the trial court [has] a mandatory duty to inquire as to the need for an interpreter when a defendant has difficulty with English." *Id.* (quoting *Valladares v. United States*, 871 F.2d 1564, 1565-66 (11th Cir. 1989)). "Trial courts may be put on notice of the defendant's 'difficulty with English' where the defendant is 'arraigned through an interpreter,'. . . where the defendant 'testifies in his own behalf through the use of an interpreter,' . . . where there are several places in the trial transcript where the court reporter noted that the defendant's testimony was unintelligible, . . . or when it is otherwise 'clear that the defendant's communication with the court or counsel is inhibited by language[.]'" *Id.* at 1338 (quotations omitted). "As a constitutional matter, in determining whether an interpreter is needed, the trial court must balance the defendant's rights to due

process, confrontation of witnesses, effective assistance of counsel, and to be present at his trial 'against the public's interest in the economical administration of criminal law.'" *Id.* (quoting *Valladares*, 871 F.2d at 1566). Whether an interpreter is required, pursuant to the Court Interpreters Act and as a constitutional matter, "is committed to the sound discretion of the trial judge. . . ." *Id.* at 1337.

In the instant case, the Court concludes that Petitioner has failed to demonstrate that an interpreter was required pursuant to either the Court Interpreters Act or the Constitution. The record reflects that Petitioner's native language is Urdu. However, at the time of trial, Petitioner had resided in the United States for approximately twenty years and had operated a business in this country during that time. Moreover, throughout the proceedings, the Court addressed Petitioner in English and Petitioner expressed no inability to understand and communicated effectively in English. In fact, at sentencing, Petitioner offered lengthy testimony during which he answered questions and responded in English without difficulty. (Criminal Case Doc. No. 1170 at 91-102.) Nothing in the record demonstrates that Petitioner's testimony was unintelligible or that Petitioner's communication with the Court or counsel was inhibited by the use of English or the absence of an interpreter. The trial in this case lasted for more than thirty days, and Petitioner failed to indicate at any time during the trial that he was unable to understand or communicate in English. The Court notes that these determinations are supported by the affidavit of Rick Jancha, one of Petitioner's post-conviction attorneys, which Petitioner submitted in support of the instant motion. Specifically, Mr. Jancha attests *inter alia* that

Petitioner's first language is Urdu, that Petitioner "is quite conversant in English," that Mr. Jancha has not needed Petitioner's son to serve as an interpreter any time that he has appeared on behalf of Petitioner in this Court, and Petitioner has fully and completely understood what transpired in those court proceedings. Thus, the Court concludes that Petitioner has failed to demonstrate that counsel was deficient for failing to request an interpreter. *See, e.g., United States v. Vasquez,* 127 Fed. Appx. 990 (9th Cir. 2005) (finding no deficient performance by counsel for failing to request an interpreter because "[t]he record [was] replete with references to [petitioner's] ability to communicate in English with his co-defendants, counsel, and the court.").

Finally, the Court determines that Petitioner has not demonstrated he was prejudiced by counsel's failure to secure or request an interpreter. As discussed *supra*, the evidence offered at trial of Petitioner's guilt was overwhelming. Accordingly, claim four is denied pursuant to *Strickland*.[5]

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 and supplement to the motion filed by M. Saleem Khanani (Doc. No. 1) is **DENIED**.

---

[5]To the extent Petitioner may be attempting to assert that he received ineffective assistance of counsel based on the cumulative effect of his claims, the Court concludes that this argument is without merit.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court shall enter judgment accordingly and is directed to close this case. A copy of this Order and the judgment shall also be filed in criminal case number .

4. The Clerk of the Court is directed to terminate the § 2255 motion (Doc. No. 1248) filed in criminal case number Criminal Case Doc. No. 6:02-cr-171-Orl-28KRS.

**DONE AND ORDERED** in Orlando, Florida, this _24_ day of September, 2009.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies to:
sc 9/24
Counsel of Record